UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

ARIEL HAYES,

    Plaintiff,

vs.

                                                                           **Jury Trial Demanded**

CITY FURNITURE, INC.,
a Florida corporation,

    Defendant
_____/

# COMPLAINT

Plaintiff Ariel Hayes, by her undersigned attorney, makes the following Complaint against Defendant City Furniture, Inc.:

1. This is an action for sex and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 and other relevant Acts ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stats. § 760.01 *et seq.*, and for disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12101 *et seq.* and the FCRA.

## Jurisdiction and Venue

2. This action arises under federal and Florida law. This court has jurisdiction of the federal claims pursuant to 42 U.S.C. § 2000e–5(f)(3), 42 U.S.C. §

12117(a), and 28 U.S.C. § 1331. This court has supplemental jurisdiction over the FCRA claims pursuant to 28 U.S.C. § 1367(a) because the FCRA claims are so related to the federal claims that they form part of the same case or controversy.

3. The claims asserted in this action arose within this district and the alleged statutory violations occurred in this district. Venue of this action is proper pursuant to 42 U.S.C. § 2000e–5(f)(3), 42 U.S.C. § 12117(a), and 28 U.S.C. § 1391.

### Parties

4. The plaintiff, Ariel Hayes, is and at all times relevant to this Complaint was a female adult resident of the State of Florida.

5. The defendant, City Furniture, Inc., is a corporation organized and doing business in the State of Florida with a principal place of business located in the city of Tamarac, Broward County, Florida.

6. In all years relevant to this complaint, the defendant had 15 or more employees on each working day in each of 20 or more calendar weeks.

### Procedural Requirements

7. The plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunities Commission ("EEOC"). The Charge and related filings alleged claims of sex discrimination, pregnancy discrimination, disability discrimination, and retaliation by the defendant. The Charge of Discrimination was cross-filed with the Florida Commission on Human Relations. The Charge of Discrimination alleged facts giving rise to the same claims brought in this action.

8. The EEOC issued and mailed a Notice of Right to Sue letter with regard to the Plaintiff's Charge of Discrimination on or about November 3, 2022. A copy of the Notice is attached as Exhibit A.

9. The Plaintiff commenced this action within 90 days of the EEOC's issuance and mailing of its Notice of Right to Sue.

10. All other conditions precedent to the filing of this action have been performed or waived.

## General Allegations

11. The plaintiff was employed by the defendant as a trainee for the position of customer service agent.

12. The defendant hired the plaintiff as a customer service trainee because she was qualified to work in that position. Her qualification to hold that position did not change prior to the termination of her employment.

13. The plaintiff was pregnant during her employment.

14. After working as a trainee for about two weeks, the plaintiff experienced an emergency medical condition related to her pregnancy that caused her to be hospitalized.

15. During her hospitalization, the plaintiff was treated for Oligohydramnios, a condition that describes low amniotic fluid during pregnancy and that creates a risk to pregnancy and other health complications.

16. Oligohydramnios caused an impairment of the plaintiff's physical condition separate from the symptoms associated with a healthy pregnancy,

including an impairment of her ability to reproduce by giving birth, to walk, to climb, and to stand.

17. The plaintiff promptly notified the defendant of her emergency medical condition and hospitalization and requested an accommodation of her disabling condition in the form of a short leave from work followed by a return to work after her she gave birth and was able to resume work.

18. The plaintiff was discharged from the hospital on or about July 11, 2021.

19. The plaintiff's discharge orders included complete bed rest to maximize the opportunity to give birth to a full-term healthy baby.

20. The plaintiff's pregnancy ended without a live birth.

21. The plaintiff notified the defendant on or about July 26, 2021 that she was able to work and desired to return to work.

22. The defendant responded to that notice by terminating the plaintiff's employment and refused to return her to the training program or any subsequent training program.

23. At no point before or after terminating the plaintiff's employment did the defendant engage in an interactive process with the plaintiff to determine whether her disability could be accommodated, including restarting her training or enrolling her in the next available training program.

### First Claim: Sex (Pregnancy) Discrimination (Title VII)

24. The plaintiff realleges and incorporates the allegations made in paragraphs 1 to 23 of this Complaint.

25. The defendant intentionally discriminated against the plaintiff by terminating her employment because of her pregnancy, including her pregnancy-related health condition.

26. The defendant's discrimination against the plaintiff was an unlawful employment practice that violated 42 U.S.C. § 2000e-2(a).

27. The defendant's discrimination against the plaintiff was outrageous and malicious.

28. As a direct, substantial, and proximate result of the defendant's discrimination against the plaintiff, the plaintiff suffered and will continue to suffer lost wages and benefits, emotional distress, mental anguish, humiliation, anxiety, loss of dignity, and loss of enjoyment of life.

### Second Claim: Sex (Pregnancy) Discrimination in Violation of the FCRA

29. The plaintiff realleges and incorporates the allegations made in paragraphs 1 to 23 of this Complaint.

30. The defendant intentionally discriminated against the plaintiff by terminating her employment because of her pregnancy, including her pregnancy-related health condition.

31. The defendant's discrimination against the plaintiff was an unlawful employment practice that violated Fla. Stat. § 760.10(1)(a).

32. The defendant's discrimination against the plaintiff was outrageous and malicious.

33. As a direct, substantial, and proximate result of the defendant's discrimination against the plaintiff, the plaintiff suffered and will continue to suffer lost wages and benefits, emotional distress, mental anguish, humiliation, anxiety, loss of dignity, and loss of enjoyment of life.

### Third Claim: Disability Discrimination in Violation of ADA

34. The plaintiff realleges and incorporates the allegations made in paragraphs 1 to 23 of this Complaint.

35. From the commencement of her emergency medical condition through July 26, 2023, the plaintiff was a qualified individual with a disability that required accommodation as those terms are used in the ADA.

36. From the commencement of her emergency medical condition through July 26, 2023, the plaintiff's physical condition substantially limited her major life activities, including but not limited to the activities of reproduction, walking, standing, and climbing.

37. The defendant was aware of the plaintiff's disability.

38. At the time her employment was terminated, the defendant regarded the plaintiff as having an impairment as that term is used in the ADA.

39. The defendant violated the ADA by failing to initiate and participate in good faith in an interactive process to determine whether her disability could be accommodated as required by 29 C.F.R. § 1630.2(o)(3).

40. The defendant intentionally discriminated against the plaintiff by terminating her employment because of her disability or, in the alternative, because it regarded her as being disabled.

41. The defendant intentionally discriminated against the plaintiff by refusing to accommodate her disability by allowing her to resume her employment after her leave ended.

42. The defendant's discrimination against the plaintiff because of her disability, including its failure to accommodate her disability by allowing her to return to work, was an unlawful employment practice that violated 42 U.S.C. § 12112(a).

43. The defendant's violation of the ADA was outrageous and malicious.

44. As a direct, substantial, and proximate result of the defendant's disability discrimination, the plaintiff suffered and will continue to suffer lost wages and benefits, emotional distress, mental anguish, humiliation, anxiety, loss of dignity, and loss of enjoyment of life.

### Fourth Claim: Disability Discrimination in Violation of the FCRA

45. The plaintiff realleges and incorporates the allegations made in paragraphs 1 to 23 of this Complaint.

46. From the commencement of her emergency medical condition through July 26, 2023, the plaintiff was a qualified individual with a disability that required accommodation as those terms are used in the FCRA.

47. From the commencement of her emergency medical condition through July 26, 2023, the plaintiff's physical condition substantially limited her major life activities, including but not limited to the activities of reproduction, walking, standing, and climbing.

48. The defendant was aware of the plaintiff's disability.

49. At the time her employment was terminated, the defendant regarded the plaintiff as having an impairment as that term is used in the FCRA.

50. The defendant violated the FCRA by failing to initiate and participate in good faith in an interactive process to determine whether her disability could be accommodated.

51. The defendant intentionally discriminated against the plaintiff by terminating her employment because of her disability or, in the alternative, because it regarded her as being disabled.

52. The defendant intentionally discriminated against the plaintiff by refusing to accommodate her disability by allowing her to resume her employment after her leave ended.

53. The defendant's discrimination against the plaintiff because of her disability, including its failure to accommodate her disability by allowing her to return to work, was an unlawful employment practice that violated the Fla. Stat. § 760.10(1)(a).

54. The defendant's violation of the FCRA was outrageous and malicious.

55. As a direct, substantial, and proximate result of the defendant's disability discrimination, the plaintiff suffered and will continue to suffer lost wages and benefits and has suffered and will continue to suffer emotional distress, mental anguish, humiliation, anxiety, loss of dignity, and loss of enjoyment of life.

### Fifth Claim: Retaliation (ADA)

56. The plaintiff realleges and incorporates the allegations made in paragraphs 1 to 23 of this Complaint.

57. The plaintiff engaged in conduct protected by the ADA when she requested an accommodation of her disability.

58. The defendant terminated the plaintiff's employment less than three weeks after she requested an accommodation of her disability.

59. The defendant engaged in an unlawful employment practice in violation of the ADA, 42 U.S.C. § 12203(a), by terminating the plaintiff's employment because she engaged in protected conduct.

60. The defendant's violation of the ADA was outrageous and malicious.

61. As a direct, substantial, and proximate result of the defendant's retaliation against the plaintiff, the plaintiff suffered and will continue to suffer lost wages and benefits, emotional distress, mental anguish, humiliation, anxiety, loss of dignity, and loss of enjoyment of life.

### Sixth Claim: Retaliation (FCRA)

62. The plaintiff realleges and incorporates the allegations made in paragraphs 1 to 23 of this Complaint.

63. The plaintiff engaged in conduct protected by the FCRA when she requested an accommodation of her disability.

64. The defendant terminated the plaintiff's employment less than three weeks after she requested an accommodation of her disability.

65. The defendant engaged in an unlawful employment practice in violation of the FCRA, Fla. Stat. § 760.10(7), by terminating the plaintiff's employment because she engaged in protected conduct.

66. The defendant's violation of the FCRA was outrageous and malicious.

67. As a direct, substantial, and proximate result of the defendant's retaliation against the plaintiff, the plaintiff suffered and will continue to suffer lost wages and benefits, emotional distress, mental anguish, humiliation, anxiety, loss of dignity, and loss of enjoyment of life.

## Relief Requested

WHEREFORE, Plaintiff Ariel Hayes requests the entry of judgment against Defendant City Furniture, Inc. as follows:

a. For an award of lost wages and benefits from the date of Plaintiff's termination until the date of trial;

b. For an order reinstating Plaintiff to her position or an equitable award of future lost compensation (front pay);

c. For an award of compensatory damages in an amount to be determined at trial;

      d.      For an award of punitive damages in an amount to be determined at trial;

      e.      For an award of actual costs and a reasonable attorney's fee as authorized by and 29 U.S.C. § 2000e-5(k), 29 U.S.C. § 12205, and Fla. Stat. § 760.11(5); and

      f.      For such other and further relief as is just and necessary.

**Plaintiff demands a trial by jury.**

Dated:  February 1, 2023

Respectfully submitted,

By:  */s/ Robert S. Norell, Esq.*
Robert S. Norell, Esq.
Fla. Bar No. 996777
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Named Plaintiff*